1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

20

21

22

| | |
|---|---|
| MARY D. GUZMAN, an individual; LUIS GUZMAN, and individual, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC, doing business as Mr. Cooper; WILMINGTON TRUST, NATIONAL ASSOCIATION, as successor trustee for Bear Stearns alt-a-trust, mortgage pass-through certificates, Series 2006-6; THE MORTGAGE LAW FIRM PLC; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.:  18cv2531-WQH-RBB <br><br> **ORDER** |

23

HAYES, Judge:

24      The matter before the Court is the motion to dismiss filed by Defendant Nationstar

25 (ECF No. 17) and joined by Defendant Wilmington Trust (ECF No. 24).

26      **I.      PROCEDURAL BACKGROUND**

27      On June 28, 2018, Plaintiffs Mary Guzman and Luis Guzman initiated this action by

28 filing a complaint in the Superior Court of California for the County of San Diego, case

number 37-2018-00048717-CU-OR-NC, naming as defendants Mr. Cooper and Does 1 through 5, inclusive.

On November 5, 2018, Defendant Nationstar Mortgage, doing business as Mr. Cooper (Defendant Nationstar) removed the case to this Court based on diversity jurisdiction. (ECF No. 1).

On December 10, 2018, Plaintiffs filed an amended complaint, the operative complaint in this action. (ECF No. 8). Plaintiffs bring claims against Defendant Nationstar; Defendant Wilmington Trust, National Association, as successor trustee for Bear Stearns alt-a-trust, mortgage pass-through certificates, Series 2006-6 (Wilmington Trust); Defendant The Mortgage Law Firm PLC; and Does 1 through 10, inclusive. Plaintiffs bring the following causes of action: (1) quiet title; (2) wrongful foreclosure in violation of Cal. Civ. Code §§ 2923.6, 2924.11; (3) failure to substantiate foreclosure documents in violation of Cal. Civ. Code § 2924.17; (4) negligence; (5) negligent misrepresentation; (6) cancellation of instruments; (7) violation of the federal Real Estate Settlement Procedures Act (RESPA), 12 C.F.R. § 1024.33(a)–(b); (8) violation of the federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692; and (9) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200. Plaintiffs claim that Defendants failed to uphold legal obligations to provide Plaintiffs with mortgage-related information and that Defendants failed to meet statutory requirements before recording foreclosure-related documents. Plaintiffs seek damages, injunctive relief, rescission of foreclosure documents, "[a] judgment quieting title in Highland Oaks Court finding that Plaintiffs are the owner in fee simple thereof," and a judicial declaration that Defendant Nationstar must rescind the notices of default and trustee's sale from county records and proceed with a lawful nonjudicial foreclosure by which Plaintiffs receive written approval or denial of their loan modification application. (ECF No. 8 at 34).

On December 31, 2018, Defendant Nationstar filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that that Plaintiffs lack standing to bring the claims and fail to allege sufficient facts to state any claim. (ECF No. 17).

On January 3, 2019, the Court approved a joint motion filed by Plaintiffs and Defendant The Mortgage Law Firm PLC (Defendant Mortgage Law Firm) stipulating that Defendant Mortgage Law Firm will be bound by non-monetary orders or judgments related to the Deed of Trust, and will not be not subject to any monetary awards in this case.  (ECF Nos. 15, 18).

On January 14, 2019, Plaintiffs filed a response in opposition to the motion to dismiss.  (ECF No. 19).

On January 28, 2019, Defendant Nationstar filed a reply in support of the motion to dismiss.  (ECF No. 20).

On March 25, 2019, Defendant Wilmington Trust joined the motion to dismiss filed by Defendant Nationstar.  (ECF No. 24).

## II.    ALLEGATIONS OF THE COMPLAINT

Plaintiffs own and occupy a residential property located at 4675 Highland Oaks Court, Fallbrook, California 92028 (Highland Oaks Court).  (ECF No. 8 at 2).  Plaintiffs are trustors and borrowers on a June 14, 2006 Deed of Trust that shows Highland Oaks Court as security for a $650,000 loan.  *Id.* ¶ 8; *see also* ECF No. 8-2 at 1–3.  The lender on the June 14, 2006 Deed of Trust is Countrywide Bank FSB (Countrywide).  (ECF No. 8 ¶ 2; ECF No. 8-2 at 2).  The beneficiary on the June 14, 2006 Deed of Trust is Mortgage Electronic Registration Systems Inc (MERS), acting as nominee for Countrywide.  *Id.*  The trustee is Recontrust Company, N.A. (Recontrust).  *Id.*  Defendant Nationstar is a non-bank mortgage servicer.  (ECF No. 8 ¶ 3).

In 2010, Plaintiffs obtained a mortgage modification with the assistance of Diane Cassidy, a loan modification underwriter.  *Id.* ¶ 9.  On February 20, 2015, Plaintiffs obtained a mortgage modification with Cassidy's assistance.  *Id.* ¶ 10; *see also* ECF No. 8-10 at 1.  Under the 2015 modification, Plaintiffs were required to pay $2,663.11, "which was a combination of their mortgage payment plus an escrow payment."  (ECF No. 8 ¶

10). From March 2015 to March 2017, Plaintiffs[1] called Defendant Nationstar and made monthly payments between $2,633.11 and $2,800 depending on the amount Defendant Nationstar requested. *Id.* ¶¶ 11–12. Plaintiffs understood that the variation in payment amount resulted from taxes and insurance or the variable interest rate. *Id.* On April 1, 2017, Plaintiffs called Defendant Nationstar to make a regular monthly payment, and Defendant Nationstar informed Plaintiffs that the payment amount was $7,221. *Id.* ¶ 14. Defendant Nationstar stated that Plaintiffs were sent notice of the increased payment amount. *Id.* Defendant Nationstar informed Plaintiffs that servicing would change from Nationstar to Mr. Cooper. *Id.* Defendant Nationstar sent the notice and other bills and correspondence for Plaintiffs to 1666 Madrone Glen, Escondido, CA 92027 (the Escondido address), a property owned and occupied by John and Claudia Bossaller since May 31, 2012. *Id.* at 4 & n.1; *see also* ECF No. 8-2 at 1–2.

On May 23, 2017, Cassidy submitted to Defendant Nationstar a completed loan modification application on Plaintiff's behalf and a third-party authorization she had obtained from Defendant Nationstar. (ECF No. 8 ¶¶ 15–17).

On June 15, 2017, Defendant Nationstar informed Cassidy that additional information was needed to prove that Plaintiffs resided at Highland Oaks Court and not the Escondido address. *Id.* ¶ 18.

On June 20, 2017, Cassidy submitted a cable bill and IRA statement as proof of Plaintiffs' residence at Highland Oaks Court. *Id.* ¶ 19.

On June 30, 2017, Cassidy called Defendant Nationstar regarding the status of Plaintiffs' application. *Id.* ¶ 20. Defendant Nationstar stated that Cassidy was not authorized to speak on Plaintiffs' behalf and Defendant Nationstar refused to speak to Cassidy. *Id.* The same day, Cassidy resent the third-party authorization to Defendant Nationstar. *Id.* ¶ 22. The same day, Plaintiffs called Defendant Nationstar. *Id.* ¶ 21.

---

[1] For purposes of this order, the Court refers to allegations of conduct by either individual Plaintiff as conduct by "Plaintiffs."

Plaintiffs were informed that the application was being transferred from Nationstar to Mr. Cooper, which would take thirty to sixty days and would delay the application. *Id.*

On August 8, 2017, "Citibank, N.A., as trustee for the holders of Bear Stearns Alt-A Trust 2006-6, Mortgage Pass-Through Certificates, Series 2006-6, by Nationstar Mortgage LLC, it[]s attorney-in-fact," transferred all interests in the June 14, 2006 Deed of Trust to Wilmington Trust. ECF No. 8-3 at 1; *see also* ECF No. 8 ¶ 4 ("Defendant Wilmington Trust is the beneficiary of the June 14, 2006 Deed of Trust by securitization."). On August 17, 2017, Defendant Mortgage Law Firm was substituted as trustee for the June 14, 2006 Deed of Trust. (ECF No. 8 ¶ 5).

On August 28, 2017, Defendant Nationstar "sent a loan modification letter to Plaintiffs about exploring loss mitigation options." *Id.* ¶ 23; *see also* ECF No. 8-12 at 1 (stating "a notice of default has been filed . . . while the foreclosure process has begun, you may still have foreclosure prevention alternatives available"). The letter did not reference Plaintiffs' submitted application. (ECF No. 8 ¶ 23). The same day, Defendant Mortgage Law Firm recorded a Notice of Default claiming $38,410.90 in arrears. *Id.* ¶¶ 5, 24; *see also* ECF No. 8-6 at 1. The August 28, 2017 Notice of Default included a false statement by Defendant Nationstar stating that thirty or more days had passed since initial contact, as required by Cal. Civ. Code § 2923.55(c). (ECF No. 8 ¶ 24; ECF No. 8-6 at 3).

On September 21, 2017, Defendant Nationstar reapproved Cassidy to speak on Plaintiffs' behalf. (ECF No. 8 ¶ 35).

On October 6, 2017, Cassidy sent a new modification application to Defendant Nationstar. *Id.* ¶ 26. Defendant Nationstar had not approved or denied the previous application in writing to Cassidy or Plaintiffs. *Id.*

On November 13, 2017, Defendant Nationstar requested additional information regarding Plaintiffs' occupancy of Highland Oaks Court rather than the Escondido address. *Id.* ¶ 27.

On November 28, 2017, Cassidy resent Plaintiffs' cable bill and IRA statement to Defendant Nationstar. *Id.* ¶ 28.

On multiple occasions in December 2017, Cassidy and Plaintiffs contacted Defendant Nationstar and were told that the October 6, 2017 modification application was under review. *Id.* ¶ 29.

On January 17, 2018, Cassidy contacted Defendant Nationstar and was told the offices were closed for inclement weather. *Id.* ¶ 30.

On January 25, 2018, Defendant Mortgage Law Firm recorded a Notice of Trustee's Sale with a sale date of February 16, 2018. *Id.* ¶ 31; *see also* ECF No. 8-7 at 2.

On January 27, 2018, Cassidy called Defendant Nationstar. (ECF No. 8 ¶ 32). Defendant Nationstar stated that Cassidy was not authorized to speak on Plaintiffs' behalf and Defendant Nationstar refused to speak to Cassidy. *Id.* The same day, Plaintiffs called Defendant Nationstar and were told that no modification application had been approved because of the "'proof of residence' issue." *Id.* ¶ 33.

On February 15, 2018, Plaintiffs filed for bankruptcy. *Id.* ¶ 34.

On June 15, 2018, Plaintiffs' bankruptcy attorney submitted a loan modification application to Defendant Nationstar. *Id.* ¶ 35. Plaintiffs' bankruptcy attorney informed Plaintiffs that the application was rejected without being approved or denied, and that the attorney was sent a new application. *Id.*

On June 20, 2018, Cassidy called Defendant Nationstar to check on the status of the application sent by Plaintiffs' bankruptcy attorney. *Id.* ¶ 36. Defendant Nationstar identified Plaintiffs' address as the Escondido address. *Id.* Cassidy instructed Defendant Nationstar to correct the ongoing address mistake, and Defendant Nationstar "promised to 'research the issue.'" *Id.* The same day, Plaintiffs called Defendant Nationstar and were informed that the first loan modification application was incomplete and that Plaintiffs could submit another. *Id.* ¶ 37.

On June 22, 2018, Defendant Nationstar sent Plaintiffs a letter at the Highland Oaks Court address. (ECF No. 8-14 at 8). The letter states, "We have received your request for assistance. Enclosed please find the following documents that must be completed in full

and returned to United Wholesale Mortgage in order for us to evaluate your request. Please return the attached documents to us by 7/22/2018." *Id.*

On June 26, 2018, Cassidy sent Defendant Nationstar a letter requesting review of "the existing modification application which [Cassidy] had resubmitted." (ECF No. 8 ¶ 38).

On June 27, 2018, Defendant Nationstar sent Cassidy a letter stating, "We received your correspondence on June 26, 2018 regarding the above-referenced loan. We . . . are in the process of reviewing your concerns. A response will be provided no later than August 7, 2018." (ECF No. 8-13 at 1). The letter lists Plaintiffs as the mortgagors and the Highland Oaks Court address as the property address. *Id.*

On July 9, 2018, Cassidy resubmitted a loan modification application to Defendant Nationstar. (ECF No. 8 ¶ 39).

On July 12, 2018, Cassidy called Defendant Nationstar and was told that the application had been reviewed and denied. *Id.* ¶ 40. Cassidy "asked how that could have happened so fast" and was told "that 'it doesn't matter' since Defendant [Nationstar] would not give Plaintiffs a modification 'no matter what.'" *Id.*

On July 13, 2018, Cassidy sent Defendant Nationstar a request for a full accounting of Plaintiffs' loan. *Id.* ¶ 41; *see also* ECF No. 8-15 at 2–13; ECF No. 8-16 at 3–14. Defendant Nationstar did not provide the requested information. (ECF No. 8 ¶ 41). The same day, Plaintiffs wrote Defendant Nationstar a letter requesting a full history of payments and additions to the loan within ten business days. (ECF No. 8-15 at 1; ECF No. 8-16 at 2).

On August 3, 2018, Plaintiffs called Defendant Nationstar and complained that the mortgage balance increased from $650,000 to $962,452.99 after less than one year of missed payments. (ECF No. 8 ¶ 42). Plaintiffs expressed concern that Defendant Nationstar had confused Plaintiffs' Highland Oaks Court mortgage with the Bossalers' mortgage for the Escondido address. *Id.* Plaintiffs requested an accounting. *Id.* Plaintiffs were told that a request would be submitted to the fraud department. *Id.*

On August 6, 2018, Cassidy called Defendant Nationstar and requested a written denial of any of Plaintiffs' applications. *Id.* ¶ 43.

On August 10, 2018, Cassidy sent Defendant Nationstar a second request for a full accounting of Plaintiffs' loan and an explanation of monies that had been applied to the loan. *Id.* ¶ 45. Defendant Nationstar did not provide the requested information. *Id.* The same day, Plaintiffs wrote Defendant Nationstar a letter stating that Plaintiffs had not received the information previously requested and requesting that Defendant Nationstar provide that information. (ECF No. 8-16 at 2). In the letter, Plaintiffs state that Plaintiffs were told that the application was denied and would be denied no matter what. *Id.* Plaintiffs requested information supporting the denial. *Id.*

On August 20, 2018, Cassidy called Defendant Nationstar and was told that Defendant Nationstar "would not 'do a loan modification' for Plaintiffs because Plaintiffs already had three (3) previous modifications." (ECF No. 8 ¶ 46).

On August 28, 2018, Defendant Nationstar sent Cassidy a copy of Plaintiffs' "Interest Only Adjustable Rate Note," which states that Plaintiffs' $650,000 loan from Countrywide was subject to a fixed interest rate that changed to an adjustable rate on July 1, 2016. *Id.* ¶ 47; *see also* ECF No. 8-8 at 2.

Plaintiffs did not receive a written denial of any modification application. (ECF No. 8 ¶¶ 31, 33, 35, 37, 40).

On September 24, 2018, Plaintiffs filed this action in San Diego Superior Court.

On November 5, 2018, Defendant Nationstar removed this action to this Court.

On November 30, 2018, Plaintiffs dismissed their Chapter 13 bankruptcy case. *Id.* ¶ 54.

Plaintiffs seek damages, injunctive relief, rescission of foreclosure documents, "[a] judgment quieting title in Highland Oaks Court finding that Plaintiffs are the owner in fee simple thereof," and a judicial declaration that Defendant Nationstar must rescind the notices of default and trustee's sale from county records and proceed with a lawful

nonjudicial foreclosure by which Plaintiffs receive written approval or denial of their loan modification application. (ECF No. 8 at 34).

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quotation omitted). Stating a claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[A]ccepting all factual allegations in the complaint as true and drawing 'all reasonable inferences in favor of the nonmoving party,'" the plaintiff's "allegations must 'plausibly suggest an entitlement to relief.'" *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883, 886–87 (9th Cir. 2017) (first quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); then quoting *Iqbal*, 556 U.S. at 681). "[E]stablishing only a 'possible' entitlement to relief . . . [does] not support further proceedings"; rather, the plaintiff must allege "facts tending to exclude the possibility" that the defendant's "alternative explanation is true." *Eclectic Props. E. v. Marcus & Millichap Co.*, 751 F.3d 990, 996–97 (9th Cir. 2014); *see also In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1105 (9th Cir. 2013) ("To render their explanation plausible, plaintiffs must do more than allege facts that are merely consistent with both their explanation and defendants' competing explanation.").

### A. Standing

Defendant Nationstar and Defendant Wilmington Trust (Defendants) contend that Plaintiffs lack standing to bring the claims in this case because Plaintiffs do not allege

tender of the amount owed or the ability to tender. Defendants contend that wrongful foreclosure claimants must allege tender of the amount owed to challenge any aspect of the foreclosure process or obtain rescission. Defendants assert that Plaintiffs fail to set forth facts that would require an exception to the tender rule.

Plaintiffs contend that this case meets an exception to the tender requirement because requiring tender would be inequitable. Plaintiffs assert that requiring tender in this case would "defeat the purpose of the regulations." (ECF No. 19 at 23).

California law requires wrongful foreclosure plaintiffs to allege that:

(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

*In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 784–85 (9th Cir. 2014) (quoting *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 633 (Ct. App. 2011)). An exception to the tender requirement applies in the following circumstances:

(1) the underlying debt is void, (2) the foreclosure sale or trustee's deed is void on its face, (3) a counterclaim offsets the amount due, (4) specific circumstances make it inequitable to enforce the debt against the party challenging the sale, or (5) the foreclosure sale has not yet occurred.

*Id.* at 785 (quoting *Chavez v. Indymac Mortg. Servs.*, 162 Cal. Rptr. 3d 382, 390 (Ct. App. 2013)).

In this case, Plaintiffs allege, "Plaintiffs are pre-foreclosure and so have not offered to tender. Plaintiffs have attempted to tender their mortgage payments, and are willing to tender mortgage payments, when Defendant [Nationstar] provides them with an explanation of the increased principal balance and a payment amount." (ECF No. 8 ¶ 60). The facts alleged do not support a plausible inference that a foreclosure sale has occurred in this case. The California Court of Appeal has expressly distinguished cases that "object[] to a foreclosure proceeding prior to a sale"—as in this action—from the cases

10

Defendant Nationstar cites in support of applying the tender requirement. *Pfeifer v. Countrywide Home Loans, Inc.*, 150 Cal. Rptr. 3d 673, 697 (Ct. App. 2012) (first citing *Abdallah v. United Sav. Bank*, 51 Cal. Rptr. 2d 286, 292 (Ct. App. 1996), then citing *Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 16 (Ct. App. 1984), and then citing *Alicea v. GE Money Bank*, No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009) (quoting *Karlsen v. Am. Sav. & Loan Ass'n*, 92 Cal. Rptr. 851, 854 (Ct. App. 1971))). The Court concludes that dismissing Plaintiffs' claims for failure to allege tender is improper in this case.

### B. California Civil Code §§ 2923.6, 2924.11, 2924.17

#### 1. Contentions of the Parties

Defendants contend that the § 2923.6 and § 2924.11 claims fail because "Plaintiffs cannot allege any facts showing that they were prejudiced" by the alleged violations. (ECF No. 17 at 13). Defendants contend that the statutory scheme does not prohibit recording the Notice of Default while a complete modification application is pending. Defendants contend that the statute prohibits recording a notice of sale and conducting a sale while a complete modification application is pending. Defendants assert that the Notice of Default was not recorded while a complete loan modification application was pending. Defendants assert that Plaintiffs do not allege that a notice of sale was recorded or that a sale was conducted while a modification application was pending. Defendants further contend that Plaintiffs' claim under § 2924.17 must be pled with specificity. Defendants assert that Plaintiffs' allegations lack specificity regarding the Notice of Default or declarations pursuant to § 2923.5 and § 2923.55.

Plaintiffs assert that a Notice of Trustee's Sale was recorded on January 25, 2018, before Plaintiffs received a written denial or approval of the modification application submitted on May 23, 2017. Plaintiffs contend that the facts alleged in this case constitute "dual tracking" in violation of § 2923.6 and § 2924.11, which prohibit a mortgage servicer from pursuing foreclosure while simultaneously considering an application for a foreclosure alternative. Plaintiffs assert that the Notice of Trustee's Sale is voidable and

should be cancelled until Plaintiffs are provided mortgage statements and an accounting. Plaintiffs assert that Plaintiffs cannot pay the debt or pursue alternative remedies like reinstatement or reorganization without the mortgage statement, and with the Notice of Trustee's Sale in the county records. Plaintiffs assert that Defendant Nationstar "used additional excuses to not approve or deny Plaintiffs' application in writing which lend additional credence to Plaintiffs' initial allegation of dual tracking"—in particular, requiring multiple third-party authorizations for Cassidy, transferring the application to Mr. Cooper, closing for inclement weather, requiring proof of residence on multiple occasions, and claiming Plaintiffs resided at the Escondido address on multiple occasions. (ECF No. 19 at 13).

## 2.  Applicable Law

Defendants rely upon the relevant California statutes after the amendments that took effect January 1, 2018.  Plaintiffs rely upon the statutes as enacted in 2013.[2]  "'[T]he legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place . . . .'  California courts apply the same 'general prospectivity principle' as the United States Supreme Court."  *Myers v. Philip Morris Cos., Inc.*, 50 P.3d 751, 758–59 (Cal. 2002) (first quoting *Landgraf v. USI Film Prod.*, 511 U.S. 244, 265 (1994), then quoting *Evangelatos v. Super. Ct.*, 753 P.2d 585, 597 (Cal. 1988)).  Plaintiffs allege wrongful conduct occurring in 2017 and in 2018.  The Court assesses the alleged conduct relying upon the law as it existed at the time of the alleged conduct.

## 3.  California Civil Code § 2923.6 Discussion

From January 1, 2013 to December 31, 2017, former § 2923.6 provided:

(c) If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer . . . shall not record a notice of default or notice of sale, or

---

[2] The parties do not address whether different versions of the statute apply to allegations of conduct that occurred before, versus after, the amendments effective January 1, 2018.  The parties raise no grounds justifying an exception to the general rule of prospectivity in this case.

conduct a trustee's sale, while the complete first lien loan modification application is pending. . . .

. . . .

(g) In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

Cal. Civ. Code § 2923.6 (2013) (amended 2017). "[F]ormer Cal. Civ. Code §[] 2923.6 [was] . . . repealed on January 1, 2018. . . . Former section 2923.6 was reenacted with somewhat different language as section 2924.11 . . . ." *Travis v. Nationstar Mortg., LLC*, 733 F. App'x 371, 373 (9th Cir. 2018).

The remedies for violation of § 2923.6 are governed by § 2924.12. Effective January 1, 2015 to December 31, 2017, former § 2924.12 provides, "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17." Cal. Civ. Code § 2924.12 (2015) (amended 2017). Effective January 1, 2018 to December 31, 2018, former § 2924.12 provides, "If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.5, 2923.7, 2924.11, or 2924.17." Cal. Civ. Code § 2924.12 (2018) (current version at Cal. Civ. Code § 2924.12 (2019)); *see also Rastegar v. Wells Fargo Bank, N.A.*, 745 F. App'x 761, 762 (9th Cir. 2018) ("[Plaintiffs] cannot receive damages under [§ 2924.12] because no foreclosure has occurred."); *Valbuena v. Ocwen Loan Servicing, LLC*, 188 Cal. Rptr. 3d 668, 671 (Ct. App. 2015) (noting the statute "provides for injunctive relief for statutory violations that occur prior to foreclosure . . . and monetary damages when the borrower seeks relief for violations after the foreclosure

sale has occurred") (citing Cal. Civ. Code §§ 2924.12(a)(1), (b)). Courts have determined that a violation is "material" if a plaintiff's nonconclusory allegations support a plausible inference that the violation "affected a plaintiff's loan obligations or the modification process." *Cornejo v. Ocwen Loan Serv., LLC*, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015) (collecting cases); *see also Travis*, 733 F. App'x at 375–76 (pleadings lacked "sufficient details to survive a motion to dismiss" regarding how the damages would have been avoided if defendants had answered plaintiffs' application); *Cardenas v. Caliber Home Loans, Inc.*, 281 F. Supp. 3d 862, 869–71 (N.D. Cal. 2017) (concluding that a "material violation" affects the plaintiff's loan obligations or the loan modification process).

In this case, Plaintiffs allege that a loan modification application was submitted on May 23, 2017 and that corresponding supplemental information was submitted on June 20, 2017. Plaintiffs allege that another application was submitted on October 6, 2017 and that corresponding supplemental information was sent on November 28, 2017. Plaintiffs allege that they did not receive any written acceptance or denial and explanation before the recordings of the August 28, 2017 Notice of Default and January 25, 2018 Notice of Trustee's Sale.[3] Plaintiffs allege the mortgage was modified on two previous occasions, in 2010 and in 2015. Plaintiffs allege that there had been less than a year of missed mortgage payments. Plaintiffs allege that the May 23, 2017 application in this case was not approved or denied in writing before the Notice of Default was recorded on August 28, 2017 or the Notice of Trustee's Sale was recorded on January 25, 2018. Plaintiffs allege that bankruptcy proceedings began on February 15, 2018 and were dismissed on November 30, 2018. Plaintiffs allege that the violation caused Plaintiffs to incur unnecessary foreclosure fees and costs. Plaintiffs allege that the violation caused Plaintiffs to be subject to the

---

[3] Plaintiffs allege that additional modification applications were submitted on June 15, 2018 and July 9, 2018. Modification applications submitted after the recorded notices at issue in this case—the August 28, 2017 Notice of Default and the January 25, 2018 Notice of Trustee's Sale—are not relevant to the determination of whether the notices were recorded while modification applications were pending in violation of § 2923.6.

14

foreclosure process, to waste time and money on a bankruptcy, and caused the mortgage balance to increase.

The Court finds that the allegations fail to support a plausible inference of a material change in Plaintiffs' financial circumstances since the date of Plaintiffs' previous modification applications in 2010 and 2015. *See* Cal. Civ. Code § 2923.6 (2013) (amended 2017). The allegations fail to support a plausible inference that Plaintiffs documented and submitted a material change in financial circumstances. *See id.* The allegations fail to support a plausible inference that Plaintiffs' May 2017 or October 2017 applications satisfied the requirements of § 2623.6 effective at the time the applications were submitted and at the time of the August 28, 2017 Notice of Default. *See also Wheeler v. Specialized Loan Servs.*, No. 17-CV-1267-JLS (JMA), 2018 WL 2193673, at *6 (S.D. Cal. May 14, 2018) ("Defendant was under no obligation to respond to Plaintiffs' request in 2017 absent a material change in Plaintiff's financial circumstances that was documented and submitted to Defendant."). Plaintiffs fail to allege facts to support a § 2923.6 claim.

### 4. California Civil Code § 2924.11 Discussion

From January 1, 2018 to December 31, 2018, former § 2924.11 provided:

> (a) If a borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested foreclosure prevention alternative.

Cal. Civ. Code § 2924.11 (2018) (current version at Cal. Civ. Code § 2924.6 (2019)). "Former section 2923.6(g) . . . was not replaced with an analog in current section 2924.11." *Travis*, 733 F. App'x at 374 n.3. Remedies for violation of § 2924.11 are governed by § 2924.12, as set forth in the preceding section. *See supra* section III.B.3.

In this case, Plaintiffs allege that they did not receive a written acceptance or denial and explanation in response to Plaintiffs' modification applications before the Notice of

Trustee's Sale was recorded on January 25, 2018.[4]  Plaintiffs allege that there had been less than a year of missed mortgage payments.  Plaintiffs allege that bankruptcy proceedings began on February 15, 2018 and were dismissed on November 30, 2018.  Plaintiffs allege that the violation caused the mortgage balance to increase and subjected Plaintiffs to bankruptcy and foreclosure processes that wasted time and money.

Assuming the January 25, 2018 Notice of Trustee's Sale could demonstrate a violation of former § 2924.11, with respect to applications that were submitted in 2017, the allegations fail to support a plausible inference of materiality as required by § 2924.12. The allegations do not support a plausible inference that the alleged damages would have been avoided or reduced by any foreclosure alternatives Plaintiffs would have sought, had Plaintiffs received a response to the modification applications.  *See Travis*, 733 F. App'x at 375–76 ("The [plaintiffs] allege that, if they 'were denied for a loan modification they would have . . . sought some other type of foreclosure alternative such as a standard sale of the property.' These allegations lack sufficient details to survive a motion to dismiss, including how the foreclosure alternatives the [plaintiffs] would have sought, had they received an answer to their application from [Defendant], would have avoided or reduced the damages they allege.").  Plaintiffs fail to allege facts to support a § 2924.11 claim.

### 5.  California Civil Code § 2924.17 Discussion

From January 1, 2015 to December 31, 2018, former § 2924.17 provided:

(a) A declaration recorded pursuant to Section 2923.5 or, until January 1, 2018, pursuant to Section 2923.55, a notice of default, notice of sale, assignment of a deed of trust, or substitution of trustee recorded by or on behalf of a mortgage servicer in connection with a foreclosure subject to the requirements of Section 2924, or a declaration or affidavit filed in any court relative to a foreclosure proceeding shall be accurate and complete and supported by competent and reliable evidence.

---

[4] Any modification applications submitted after the January 25, 2018 Notice of Trustee's Sale are not relevant to the determination of whether the notice was recorded while modification applications were pending in violation of § 2923.11.  *See supra* note 3.

16

(b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Cal. Civ. Code § 2924.17 (2015) (current version at Cal. Civ. Code § 2924.17 (2019)). Remedies for violation of § 2924.17 are governed by § 2924.12, as set forth in the preceding section. *See supra* section III.B.3.

In this case, Plaintiffs' allegations regarding the recordings of the August 28, 2017 Notice of Default or January 25, 2018 Notice of Trustee's Sale fail to support a plausible inference of materiality—that the alleged damages would have been avoided or reduced by any action Plaintiffs would have taken, had the notices been properly substantiated. *See Major v. Wells Fargo Bank, N.A.*, No. 14-CV-998-LAB-RBB, 2014 WL 4103936, at *4 (S.D. Cal. Aug. 18, 2014) ("[T]he Majors don't appear to dispute that they defaulted on their mortgage and that Wells Fargo has standing to foreclose. In light of this, it's not clear what the injury is here, and, assuming there is one, what relief the Majors would be entitled to. Therefore, the Majors' claims based on California Civil Code section 2924.17 are DISMISSED."). Plaintiffs fail to allege facts to support a § 2924.17 claim.

In addition, "[i]n the event that the sale proceedings are postponed for a period or periods totaling more than 365 days, the scheduling of any further sale proceedings shall be preceded by giving a new notice of sale . . . ." Cal. Civ. Code § 2924g(c)(2). No allegations support a plausible inference that a trustee's sale occurred within one year of the January 25, 2018 recording of the Notice of Trustee's Sale. No allegations support a plausible inference that a foreclosure sale could occur in this case without the recording of a new Notice of Trustee's Sale. Any claim for injunctive relief pursuant to Cal. Civ. Code § 2924.12 is moot and fails to state a claim as a matter of law. *See Rae v. Bank of Am., N.A.*, No. CV 16-8932 PA (SSX), 2017 WL 447306, at *4 (C.D. Cal. Feb. 1, 2017) ("[A]s a result of Plaintiff's filing of her bankruptcy petition, no trustee's sale occurred within one year of the recording of the March 18, 2015 Notice of Trustee's Sale. BofA therefore

cannot conduct a foreclosure sale without recording a new Notice of Trustee's Sale. . . . [A]ny claim for injunctive relief, the only relief Plaintiff could currently obtain for a violation of Civil Code section 2924.17 related to the March 18, 2015 Notice of Trustee's Sale, is moot and fails to state a claim as a matter of law."), *aff'd*, 727 F. App'x 380 (9th Cir. 2018).

### C.    RESPA

Defendants contend that the RESPA claim fails because 12 C.F.R. § 1024.33(a) applies only to reverse mortgages. Defendants contend that § 1024.33(b) does not require notice as to the rebranding of Nationstar to Mr. Cooper. Plaintiffs contend that notice was required under §1024.33 in this case because the amount of payment changed and Defendant Nationstar sent the notice of increased payment to the incorrect address.

RESPA requires a mortgage servicer to notify the borrower in writing of any assignment, sale, or transfer of service not more than fifteen days after the effective date of transfer. 12 U.S.C. §§ 2605(c)(1), (c)(2)(A). A transferor of servicing must notify the borrower not more than fifteen days before the effective date of the servicing transfer. *Id.* at §§ 2605(b)(1), (b)(2)(A). RESPA regulations provide that the transferor and transferee may provide a single notice not less than fifteen days before the effective date of the servicing transfer. 12 C.F.R. § 1024.33(b)(3). *See Decker v. Servis One, Inc.*, No. 1:15-CV-1170-RP, 2017 WL 61965, at *3 (W.D. Tex. Jan. 5, 2017) ("Section 1024.33(b) sets out the same notice requirements as 12 U.S.C. § 2605(c). While the regulation contains no enforcement provision, the related statute does."). The regulations provide an exception to the notice of transfer if there is no change in the payee, address to which payment must be delivered, account number, or amount of payment due and the transfer is between affiliates or as a result of a merger or acquisition. 12 C.F.R. § 1024.33(b)(2). "Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim. . . . A plaintiff is entitled to recover for the loss that relates to the RESPA violation, not for all losses related to foreclosure activity." *Diunugala v. JP Morgan Chase Bank, N.A.*, 81 F. Supp. 3d 969, 981–82 (S.D. Cal. 2015) (collecting cases); *see also Eronini v. JP Morgan*

*Chase Bank NA*, No. 08–55929, 2010 WL 737841, at *1 (9th Cir. Mar. 3, 2010) ("The district court properly dismissed the action because Eronini suffered no damages as a result of the alleged RESPA violation."); *Shepherd v. Am. Home Mortg. Servs., Inc.*, No. 2:09–1916, 2009 WL 4505925, at *3 (E.D. Cal. Nov. 20, 2009) ("This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm.") (citation omitted).

In this case, Plaintiffs claim violation of RESPA and RESPA's implementing regulations based on the alleged failure to properly notify Plaintiffs of a change in servicing and failure to send Plaintiffs other mortgage-related correspondence following the February 2015 modification. Plaintiffs allege that Plaintiffs' mortgage-related correspondence was sent to the Escondido address. Plaintiffs allege that the rebranding of Nationstar and Mr. Cooper required Defendant Nationstar to notify Plaintiffs that a new entity acquired servicing rights. Plaintiffs allege, "Plaintiffs were prevented from seeing their mortgage statement, prevented from knowing the extent of their arrears, prevented from successfully addressing their arrears in bankruptcy, and/ or from modifying their mortgage." (ECF No. 8 ¶ 84).

The Court finds the allegations do not support a plausible inference of a RESPA violation as to 12 C.F.R. § 1024.33(a). *See* 12 C.F.R. § 1024.30 ("Section 1024.33(a) only applies to reverse mortgage transactions."). In addition, Plaintiffs fail to plead nonconclusory factual allegations of damages to Plaintiffs because of any alleged RESPA violation as to 12 C.F.R. § 1024(b). *Cf. Allen v. United Fin. Mortg. Corp.*, 660 F.Supp.2d 1089, 1097 (N.D. Cal. 2009) ("Allen only offers the conclusory statement that 'damages consist of the loss of plaintiff's home together with his attorney fees.' He has not actually attempted to show that the alleged RESPA violations caused any kind of pecuniary loss (indeed, his loss of property appears to have been caused by his default)."). Plaintiffs fail to allege facts to show any RESPA violation regarding notice of transfer of servicing plausibly caused the damages alleged. Plaintiffs further fail to adequately allege a basis

for imposing statutory damages for a "pattern and practice of noncompliance." 12 U.S.C. § 2605(f). Plaintiffs fail to allege facts to support a RESPA claim.

## D. FDCPA

Defendants contend that the FDCPA claim fails because Nationstar is a loan servicer, not a debt collector within the meaning of the FDCPA. Plaintiffs contend that Nationstar is a debt collector servicing a mortgage on behalf of a beneficiary. Plaintiffs assert that Nationstar's failure to send Plaintiffs their mortgage statements and other notices, and the corresponding privacy violation from sending those documents to the Escondido address, are unfair debt collection practices in violation of FDCPA.

The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in the collection of consumer debts. *See* 15 U.S.C. § 1692. To state a claim under the FDCPA, a plaintiff must allege facts that establish that (1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the FDCPA, and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA. *Castriotta v. Paradise Valley Fed. Credit Union*, No. 17CV0031-WQH-BGS, 2017 WL 3337247, at *4 (S.D. Cal. Aug. 3, 2017). "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects, or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Excluded from the definition of debt collector is "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained." § 1692a(6)(F). A loan servicer who acquires servicing rights before a debt goes into default is not a debt collector. *See Rich v. Bank of Am., N.A.*, 666 F. App'x 635, 639 (9th Cir. 2016) (citation omitted); *see also Castriotta*, 2017 WL 3337247, at *4 ("The FDCPA does not apply to a consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at

the time it was assigned."). The FDCPA does not define the term "default"; however, "[i]n applying the FDCPA, courts have repeatedly distinguished between a debt that is in default and a debt that is merely outstanding, emphasizing that only after some period of time does an outstanding debt go into default." *Amelina v. Mfrs. & Traders Tr. Co.*, No. 14CV1906 WQH (NLS), 2015 WL 7272224, at *6 (S.D. Cal. Nov. 17, 2015) (quoting *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 86 (2d Cir. 2003)).

In this case, Plaintiffs allege that Defendant Nationstar sending Plaintiffs' mortgage-related correspondence to the Escondido address violates 15 U.S.C. § 1692(f). Plaintiffs allege that a Notice of Default was recorded on August 28, 2017. Attached to Plaintiffs' complaint is a February 20, 2015 document that references servicing by Defendant Nationstar, and a June 22, 2018 loan document that references servicing by Mr. Cooper. *See* ECF No. 8-10 at 1; ECF No. 8-14 at 1. Plaintiffs allege no facts to support the inference that Plaintiffs' mortgage was in "default" within the meaning of the FDCPA before Nationstar or Mr. Cooper began to service the loan. The facts alleged in the complaint support only an inference that Nationstar and Mr. Cooper are mortgage servicers, not debt collectors, within the meaning of the FDCPA. *See Amelina*, 2015 WL 7272224, at *7. Plaintiffs fail to allege facts to support an FDCPA claim.

### E.  Negligence, Negligent Misrepresentation, Quiet Title

Defendants contend that the negligence claim fails because Plaintiffs cannot show that Defendant Nationstar owed Plaintiffs a duty of care in this case. Defendants contend that the quiet title claim fails because Plaintiffs admit they have not paid the amount due on the mortgage at issue in this case. Defendants contend that the negligent misrepresentation claim fails because Plaintiffs do not demonstrate they justifiably relied on any misrepresentation. Plaintiffs contend that under California law, "a duty arises when a servicer agrees to consider a modification application and that should also apply here with regard to mailing mortgage statements." (ECF No. 19 at 20).

"The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence. . . . [A]s a general rule, a financial institution owes

no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (Ct. App. 1991). The California Court of Appeal has stated that "[t]here is a division of authority on the question whether a lender might be liable for negligence in processing an application for a loan modification." *Winstrom v. Bank of Am., N.A.*, No. 2D CIVIL B266680, 2017 WL 1231379, at *4–5 (Cal. Ct. App. Apr. 4, 2017) (first citing *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 820 (Ct. App. 2013) ("We conclude a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money."), then citing *Alvarez v. BAC Home Loans Servicing, L.P.*, 176 Cal. Rptr. 3d 304, 310 (Ct. App. 2014) (recognizing a duty "because defendants allegedly agreed to consider modification of the plaintiffs' loans")). The Court finds that no alleged facts demonstrate conduct exceeding the scope of a mortgage lender's conventional role. The allegations do not support a plausible inference that Plaintiffs were owed a duty of care in this case. Plaintiffs fail to allege facts to support a negligence claim.

The elements for negligent misrepresentation are: "(1) representation as to a material fact, (2) representation is untrue, (3) regardless of actual belief, the defendant made the representation without a reasonable ground for believing it true, (4) intent to induce reliance, (5) justifiable reliance by plaintiff who does not know the representation is false, and (6) damage." *Masters v. San Bernardino Cty. Emps. Ret. Ass'n*, 37 Cal. Rptr. 2d 860, 867 (Ct. App. 1995); *see also Rastegar*, 745 F. App'x at 762 (citing *Masters*, 37 Cal. Rptr. 2d at 867). In this case, Plaintiffs allege misrepresentations by agents of Defendant Nationstar; in particular, that the Notice of Default recorded on August 28, 2017 falsely states that Plaintiffs were previously contacted to discuss the financial situation and non-foreclosure alternatives. Attached to the August 28, 2017 Notice of Default is a document titled "Declaration of Mortgage Servicer Pursuant to Civil Code § 2923.55(c)," which states, "The mortgage servicer has contacted the borrower pursuant to California Civil Code §2923.55(b)(2) to 'assess the borrower's financial situation and explore options for

the borrower to avoid foreclosure'. Thirty (30) days, or more, have passed since the initial contact was made." (ECF No. 8-6 at 3). The document is dated July 19, 2017 and is signed by an execution specialist of Defendant Nationstar. Plaintiffs allege that they filed for bankruptcy "to stop the foreclosure sale." *See id.* ¶ 68. Plaintiffs allege, "Plaintiffs reasonably relied on Defendants misrepresentations to Plaintiffs' detriment as they failed to retain legal counsel in a timely manner, costing them thousands of dollars of excessive fees, costs and interest." *Id.* ¶ 76. The Court finds that the allegations do not support a plausible inference of the document's connection to any action taken by Plaintiffs. The allegations fail to demonstrate that Plaintiffs relied on the alleged misrepresentations. Plaintiffs fail to allege facts to support a negligent misrepresentation claim.

"[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee." *Miller v. Provost*, 33 Cal. Rptr. 2d 288, 290 (Ct. App. 1994) (citations omitted); *see also Aguilar v. Bocci*, 114 Cal. Rptr. 91 (Ct. App. 1974) ("The cloud upon [the] title persists until the debt is paid."); *Banares v. Wells Fargo Bank, NA*, 681 F. App'x 638, 641 (9th Cir. 2017) ("Banares did not state a claim for quiet title because she has not tendered her outstanding loan balance."); *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged that they are the rightful owners of the property, i.e. that they have satisfied their obligations under the Deed of Trust. As such, they have not stated a claim to quiet title."). In this case, the allegations support the plausible inference that Plaintiffs have missed payments on the mortgage of Highland Oaks Court. *See, e.g.*, ECF No. 8 ¶ 42. The allegations do not support the plausible inference that Plaintiffs have paid the balance of the debt at issue. Plaintiffs fail to allege facts to support a quiet title claim.

### F.    UCL

Defendants contend that Plaintiffs' UCL claim fails because Plaintiffs fail to state any underlying claim for a violation of law. Defendants contend that Plaintiffs lack standing to bring a UCL claim because Plaintiffs do not allege a foreclosure or facts showing loss of money or property. Defendants assert that the threat of foreclosure was

caused by Plaintiffs' default on the loan rather than conduct by Defendant Nationstar. Plaintiffs assert that the UCL claim rests on violation of Cal. Civ. Code § 2923.5 and 12 C.F.R. § 1024.33(b)(2)(i).

The UCL provides civil remedies for "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The UCL "unlawful" prong "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539–40 (Cal. 1999) (internal quotations and citation omitted). The UCL lists who may bring "[a]ctions for relief," including "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

> Historically, the UCL authorized any person acting for the interests of the general public to sue for relief notwithstanding any lack of injury or damages. . . . Proposition 64 . . . amended the UCL to provide that a private person has standing to bring a UCL action only if he or she "has suffered injury in fact and has lost money or property as a result of the unfair competition." . . . "A private plaintiff must make a twofold showing: he or she must demonstrate injury in fact *and* a loss of money or property caused by unfair competition."

*Durell v. Sharp Healthcare*, 108 Cal. Rptr. 3d 682, 690–91 (Ct. App. 2010) (first quoting Cal. Bus. & Prof. Code § 17204, then quoting *Peterson v. Cellco P'ship*, 80 Cal. Rptr. 3d 316, 321 (Ct. App. 2008)) (internal citations omitted). "[A] plaintiff suffers an injury in fact for purposes of standing under the UCL when he or she has: (1) expended money due to the defendant's acts of unfair competition . . . (2) lost money or property . . . or (3) been denied money to which he or she has a cognizable claim." *Hall v. Time Inc.*, 70 Cal. Rptr. 3d 466, 470–71 (Ct. App. 2008). A UCL plaintiff must plead "an injury in fact caused by, or in justifiable reliance on, the alleged acts of unfair competition." *Id.* at 474.

In this case, Plaintiffs allege that violations of Cal. Civ. Code §§ 2923.6, 2924.11, 2924.17, 2923.55, 2923.5, 2924; 12 C.F.R. § 1024.33(a)–(b); and 15 U.S.C. § 1692f are unlawful acts underlying the Cal. Bus. & Prof. Code §17200 claim. The Court has found

that Plaintiffs do not state a claim pursuant to Cal. Civ. Code §§ 2923.6, 2924.11, 2924.17; 12 C.F.R. § 1024.33(a)–(b); or 15 U.S.C. § 1692f; accordingly, Plaintiffs fail to state a UCL claim premised on an unlawful act with respect to those statutes.

Plaintiffs allege the following unlawful acts related to Cal. Civ. Code §§ 2923.55, 2923.5, 2924:

> Failing to contact Plaintiffs to assess their financial situation and discuss nonforeclosure alternatives . . . . Executing a false Declaration of Compliance with Cal. Civ. Code §2923.55/§2923.5 . . . . Failing to properly serve Plaintiffs with a NOTICE of Default and NOTICE of Trustee's sale at their proper address . . . .

(ECF No. 8 at 33). Plaintiffs allege the following injuries: violated privacy rights; "wasted time and money on a bankruptcy"; inability to see Plaintiffs' mortgage statement, know the amount of debt, or successfully address the debt in bankruptcy or mortgage modification; "an exorbitant sum of money added to the Subject Loan to account for the unlawful fees, costs and interest that Defendants added resulting from the foreclosure process"; "the additional cost of . . . additional loan modifications"; "the cost of litigation." *Id.* at 24–25.

The Court finds that the alleged injuries regarding violated privacy rights, wasted time, and inability to see Plaintiffs' mortgage statement, know the amount of debt, or successfully address the debt in bankruptcy or mortgage modification are not cognizable injuries for purposes of the UCL. *See Hall*, 70 Cal. Rptr. 3d at 470–71. The facts alleged do not plausibly support an inference that any failure to discuss nonforeclosure alternatives, or failure to properly serve the Notice of Default or Notice of Trustee's Sale, caused Plaintiffs to miss loan payments, accumulate additional loan charges, apply for loan modifications, or pursue bankruptcy. The facts alleged do not plausibly support an inference that any false declaration of compliance caused Plaintiffs to miss payments, accumulate additional loan charges, apply for loan modifications, or pursue bankruptcy. Plaintiffs fail to adequately plead causation and injury regarding the alleged unlawful acts

related to Cal. Civ. Code §§ 2923.55, 2923.5, 2924. *See id.* at 474. Plaintiffs fail to allege facts to support a UCL claim.

### G.    Cancellation of Instruments

Defendants contend that Plaintiffs fail to adequately plead a cancellation claim. Plaintiffs contend that the cancellation claim survives because "[t]he Notice of Trustee's Sale is voidable, and should be cancelled until Defendant Nationstar provides mortgage statements to Plaintiffs along with an accounting of what Plaintiffs paid, what has been applied to their mortgage and how it has been applied, and what Plaintiffs owe." (ECF No. 19 at 22). Plaintiffs assert that the recording of the August 28, 2017 Notice of Trustee's Sale prevents Plaintiffs from obtaining other remedies, including reinstatement and reorganization.

A written instrument may be cancelled upon "reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable." Cal. Civ. Code § 3412; *see also Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 10cv184 OWW, GSA, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010) ("To plead a cause of action for cancellation of instrument, plaintiff must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable."). "[T]he complaint must state facts, not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid." *Ephraim v. Metro. Tr. Co. of Cal.*, 172 P.2d 501, 507 (Cal. 1946). Courts have concluded that cancellation of an instrument is an equitable remedy and not an independent basis for liability. *See Lawson v. CitiCorp Trust Bank, FSB*, No. 2:11-CV-01163 KJM, 2011 WL 3439223, at *7 (E.D. Cal. Aug. 5, 2011) (collecting cases), *aff'd sub nom. Lawson v. Citicorp Tr. Bank*, 576 F. App'x 696 (9th Cir. 2014).

In this action, Plaintiffs seek cancellation of the recorded August 28, 2017 Notice of Default and the January 25, 2018 Notice of Trustee's Sale. Plaintiffs allege that the documents "were negligently and falsely recorded and are therefore invalid. These recorded documents are voidable and should be voided by this Court to allow Plaintiffs to

exercise their rights as detailed herein under the California Civil Code governing nonjudicial foreclosure." (ECF No. 8 ¶ 80). The Court finds that Plaintiffs have not adequately alleged facts stating a claim for cancellation of instruments. *See Zendejas*, 2010 WL 2629899, at *7 (granting motion to dismiss because plaintiffs failed to assert any valid reason, except that the defendants did not have the right to foreclose, that the instruments were void or voidable). In addition, Plaintiffs have failed to state any other claim in this action to provide a basis for liability for the cancellation of instruments claim. *See Lawson*, 2011 WL 3439223, at *7. Plaintiffs fail to state a cancellation of instruments claim.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss (ECF No. 17) filed by Defendant Nationstar and joined by Defendant Wilmington Trust (ECF No. 24) is GRANTED. Any motion to file an amended complaint must be filed within thirty (30) days of the date of this order in accordance with Local Rule 7.1.

Dated: June 11, 2019

William Q. Hayes
Hon. William Q. Hayes
United States District Court