UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY D. GUZMAN, an individual; LUIS GUZMAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC; WILMINGTON TRUST, NATIONAL ASSOCIATION; THE MORTGAGE LAW FIRM PLC; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 18cv2531-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Plaintiffs' Motion for Leave to File a Second Amended Complaint. (ECF No. 30).

**I. Background**

On June 11, 2019, the Court granted Defendants' Motion to Dismiss. (ECF No. 29). On July 10, 2019, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 30). No opposition has been filed.

**II. Legal Standard**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme

liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

### III. Decision of the Court

Defendants did not file opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint. The Court finds that there has been no showing that any of the *Foman* factors warrants deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 30) is GRANTED. Plaintiffs may file the proposed Second Amended Complaint (ECF No. 30-1) within fourteen (14) days of the entry of this Order.

Dated: August 12, 2019

Hon. William Q. Hayes
United States District Court